# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 14-10764

————

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2015

Lyle W. Cayce
Clerk

CHARLES ROBERT POTTER, individually and as personal representative of the Estate of Charles Anthony Potter, deceased,

        Plaintiff - Appellant

DELORES POTTER,

        Intervenor Plaintiff - Appellant

v.

24 HOUR FITNESS USA, INCORPORATED,

        Defendant - Appellee

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-453

————

Before BARKSDALE, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

    This diversity action by Charles Robert Potter and Delores Potter (the Potters), to which Texas substantive law is applied, arises out of the death of

---

\* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-10764

their son, Charles Anthony Potter, following his cardiac-incident at 24 Hour Fitness. The Potters claim 24 Hour Fitness, an exercise facility franchise chain, was negligent and grossly negligent. 24 Hour Fitness was awarded summary judgment, *inter alia*, on lack of duty. **AFFIRMED**.

## I.

In December 2010, after then 19-year-old Charles Anthony Potter asked his parents for a gym membership, he and Delores Potter went to the 24 Hour Fitness facility in Rockwall, Texas, where she signed a membership agreement on his behalf. While exercising at the Rockwall facility in March 2011, Charles Anthony Potter collapsed due to a cardiac condition. As a result of an injury arising out of that incident, he died that July.

In response to the Potters' claiming, *inter alia*, 24 Hour Fitness was negligent or grossly negligent because its employees failed to timely use an on-site defibrillator to attempt to assist Charles Anthony Potter, 24 Hour Fitness moved for summary judgment. It maintained, *inter alia*, that no duty existed.

The district court, *inter alia*, denied partial summary judgment for the Potters and granted summary judgment for 24 Hour Fitness. *Potter v. 24 Hour Fitness USA, Inc.*, No. 3:12-CV-453, slip op. at 14 (N.D. Tex. 6 June 2014). In doing so, the district court held, *inter alia*, that 24 Hour Fitness owed no duty to Charles Anthony Potter.

## II.

A summary judgment is reviewed *de novo*, applying the same standards as the district court. *E.g., Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (citation omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if "the evidence is such that a

No. 14-10764

reasonable jury could return a verdict for the nonmoving party". *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

As stated, summary judgment was awarded 24 Hour Fitness, *inter alia*, because no duty was owed to Charles Anthony Potter. Along that line, and as the court noted, although, in addition to negligence and gross negligence, the Potters pleaded several other claims, they failed to rely upon those other claims in opposition to 24 Hour Fitness' summary-judgment motion. Accordingly, as the district court ruled, they waived those other claims. *Potter*, No. 3:12-CV-453, slip op. at 4. And, because we affirm the summary judgment based on the lack of duty, we need not address the other basis (release for the negligence claim) for which summary judgment was granted.

Essentially for the detailed and comprehensive reasons stated by the district court, no duty was owed to Charles Anthony Potter. *Id*. at 4-10.

### III.

For the foregoing reasons, the judgment is **AFFIRMED**.

3